UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK A. VAUGHN                                          CIVIL ACTION

VERSUS                                                  NO. 04-1633

ST. TAMMANY PARISH SCHOOL BOARD, ET AL                  SECTION "F" (3)

MEMORANDUM RULING ON PLAINTIFF's MOTION TO COMPEL
RESPONSES TO REQUESTS FOR ADMISSIONS

On April 5, 2006, the undersigned Magistrate Judge conducted a hearing regarding plaintiff's motion to compel responses to requests for admissions nos. 2 and 3, which were addressed to his former supervisor, Joseph C. Buccaran, in the above captioned same-sex sexual harassment lawsuit . Citing Supreme Court and Fifth Circuit precedents,[1] plaintiff's seeks responses to two requests for admissions, to wit:

> "No. 2: Admit or Deny that you ever desired to have sex or sexual relations with Plaintiff.
> No. 3: Admit or Deny that you have had sex or sexual relations with another man at any time during the period of your employment by the St. Tammany Parish School Board."[2]

For the following reasons, the plaintiff's motion is DENIED, fully reserving the plaintiff's right to tailor a request which "conforms with the admonition that the critical issue ... is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which

---

[1] *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75 (1998); *LaDay v. Catalyst Tech., Inc.,* 302 F.3d 474 (5th Cir. 2002).

[2] *See* Plaintiff's Requests for Admissions (Exhibit 1 to Plaintiff's Motion to Compel).

members of the other sex are not exposed."[3]

## BACKGROUND

Plaintiff, Mark A. Vaughn ("Vaughn") is and has been the Assistant Principal at Slidell High School since 1996 and was a teacher there since 1986. The alleged harasser, Joseph C. Buccaran ("Buccaran"), was the Principal at Slidell High School for 27 years through 2003 and was a teacher at the school before that for 13 years. He retired after 40 years of service with the St. Tammany Parish School Board in 2003. Essentially, plaintiff seeks an admission or declaration from Buccaran that he was a homosexual.

Buccaran objected to both requests for admissions. As to request number 2 (admit or deny that you have ever desired to have sex or sexual relations with Plaintiff), defendant contends that his desires are neither actionable, nor relevant to a claim for sexual harassment and the request is totally improper. Buccaran claimed privilege regarding his private thoughts and/or desires.

As to request number 3 (admit or deny that you have had sex or sexual relations with another man at any time during the period of your employment by the St. Tammany Parish School Board), Buccaran explained that the fact of whether or not he had sex with any other human being is irrelevant to plaintiff's work-place same-sex discrimination lawsuit. Buccaran insists that the issue here is whether Buccaran sexually harassed the plaintiff within the meaning of the law. Defendant highlights that sexual harassment is concerned with the *actions* of the sexual harasser. Buccaran's position is that, because the workplace consists of both men and

---

[3]*La Day,* 302 F.3d at 480 (quoting Oncale, 523 U.S. at 80) (inner quotation marks omitted).

women, the plaintiff must allege and prove that Buccaran harassed the plaintiff because of his gender and need not prove sexual orientation of the harasser and thus the Requests for Admissions are improper.  In the event that he is required to answer plaintiff's requests for admissions, Buccaran argues that his responses should be filed under seal and subject to a protective order.

Vaughn contends that the two requests address matters that are directly relevant to his claim that Buccaran subjected plaintiff to same sex harassment actionable under Title VII. Plaintiff highlights the Supreme Court's decision in *Oncale v. Sundowner Offshore Services, Inc*. 523 U.S. 75, 80 (1998), which outlines three ways in which a plaintiff can show that an incident of same sex harassment constitutes discrimination.  Relevant to the instant case, Vaughn submits that evidence that the harasser made explicit or implicit proposals of sexual activity and credible evidence that the alleged harasser was a homosexual are fair grist.  *See La Day v. Catalyst Tech., Inc*., 302 F.3d 474, 478 (5th Cir. 2002) (*quoting Oncale*, *supra*).

In the event that the Court compels a response to either request, the defendant has seeks leave to file the response under seal and subject to a protective order forbidding its dissemination beyond the bounds of the captioned matter.  Plaintiff has opposed sealing of the responses and any protection.  Plaintiff insists that any response to the requested admissions remain in the public realm, notwithstanding the sensitivity of the information or the fact that admission of "homosexuality" may have serious implications[4] for Buccaran in his private life completely

---

[4]*See e.g., Ben-Shalom v. Marsh,* 881 F.2d 454 (7th Cir. 1989) (discussing the implications of "forthright admission" that plaintiff "is a homosexual," finding that "the Army does not have to take the risk that *an admitted homosexual* will not commit homosexual acts which may be detrimental to its assigned mission" and upholding the constitutionality of an Army regulation making homosexuality or admitted homosexuality a *non-waivable disqualification for service*,

unconnected to his former employment with the St. Tammany Parish School Board.

## DISCUSSION

Plaintiff seeks evidence in the form of admissions pursuant to Rule 36.  Under the aforesaid rule,

> A party may serve upon any other party a written request for admission, *for purposes of the pending action only*, of the truth of any matters within the scope of  Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact....
> \* \* \*
> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Fed. R. Civ. P. 36. (italicized emphasis added).

Considering the foregoing, defendant's request to seal any responses compelled in tandem with a protective order governing their disclosure is entirely proper and warranted by the specific language of Rule 36.  Moreover, the admissions sought by Vaughn concern personally identifying information (*i.e.*, sexual orientation) which is highly sensitive and perhaps even more deserving of protection than bank records, social security numbers, medical records, school records and other sensitive personal identifying information, all of which are protected from public disclosure by state and federal  regulations and/or statutes.  As noted at the time of the hearing, the fact that plaintiff opposes protection of the defendant's responses designed to prevent disclosure in the public sector bolster's Buccaran's position that the subject requests for admissions are *intended to humiliate, oppress and harass the defendant.*  Most notably, Rule 36 specifically provides that  written requests for admission are propounded "*for purposes of the pending action only*." Fed. R. Civ. P. Rule 36.

---

regardless of conduct), *cert. denied*, 494 U.S. 1004 (1990).

Turning to the governing jurisprudence, the Fifth Circuit in *La Day* instructed:

[T]here are two types of evidence that are likely to be especially "credible" proof that the harasser may be a homosexual.  The first is evidence suggesting that the harasser intended to have some kind of sexual contact with the plaintiff rather than merely to humiliate him for reasons unrelated to sex.  The second is proof that the alleged harasser made same-sex sexual advances to others, *especially to other employees*.

*Id.* at 480 (emphasis added).

Buccaran has attempted to distinguish the case of *Oncale,*[5] arguing that the conduct of the alleged harassment was objectively pervasive, abusive, humiliating and objectionable.  The Court agrees that the conduct complained of in *Oncale* was objectively outrageous and more in the nature of perverted physical abuse that assumed sexual overtones.  The conduct was so outrageous that there was indeed a need to discern whether the acts were driven by sexual intent or some sordid proclivity/inclination not addressed by Title VII.

In the *La Day* case, the plaintiff reactor technician had his genitals fondled while bending over.  Thereafter, the alleged harasser spat chewing tobacco upon the plaintiff for reporting the incident to his immediate supervisor.  *La Day,* 302 F.3d at 477.  There was also evidence that two other *male employees* filed complaints against La Day's alleged harasser regarding similar conduct.  *Id.*  In *La Day*, the Fifth Circuit noted that "evidence of sexual advances both to the victim and *to other employees*" constitutes "credible evidence of Craft's

---

[5]*Oncale* addressed conduct in an all male environment consisting of physical assault in a *sexual manner* and threatened *forcible rape*, which conduct is not driven by prurient interests but is rather stoked by a desire to dominate and/or oppress and to observe the attendant humiliation exhibited by the victim.  Indeed, the Supreme Court emphasized that the fact that Title VII proscribes discrimination "*because of ... sex"* and noted that the "critical issue... is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."  *Oncale,* 523 U.S. at 80.

[the alleged sexual harasser's] sexual interest in *La Day*. The *La Day* court further noted that "[t]his approach conforms with the admonition that '[t]he critical issue ... is whether members of one sex are exposed to *disadvantageous terms or conditions of employment* to which members of the other sex are not exposed.'" *La Day,* 302 F.3d at 480 (quoting *Oncale*, 523 U.S. at 80) (all emphasis added).

It is this Court's opinion that the alleged harasser's "desire," as addressed in Request for Admission No. 2, is too vague to reasonably form the basis of a request for admission under Rule 36. This would not be the first Court to recognize that equating status or propensity with prohibited conduct/acts is problematic.[6] While not controlling, because the prosecution of a Title VII claim is not a criminal proceeding and does not impose punishment (at least in the traditional sense of the word), nevertheless the undersigned finds Justice Black's concurring opinion in *Powell v. Texas*, 392 U.S. 514 (1968) instructive, to wit:

> Punishment for a status is particularly obnoxious, and in many instances can reasonably called cruel and unusual, because it involves punishment for a mere propensity, a desire to commit an offense; the mental element is not simply one part of the crime but may constitute all of it. . . .
> . . . Perhaps more fundamental is the difficulty of distinguishing, in the absence of any conduct, between desires of the daydream variety and fixed intentions that may pose a real threat to society; ". . . . *When a desire is inhibited it may find expression in fantasy; but it would be absurd to condemn this natural psychological mechanism as illegal.*"[7]

---

[6]*See, e.g., United States v. Brignoni-Ponce*, 422 U.S. 873, 885-87 (1975 (ethnicity is insufficient basis to believe persons are illegal aliens); *Powell v. Texas*, 392 U.S.S. 514, 532034 (1968) (recognizing the rule that criminal penalties may be inflicted only if the accused has committed the prohibited conduct by contrast with mere status).

[7]*Powell*, 392 U.S. at 543-44 (italicized emphasis added) (Black, J., concurring) (quoting Glanville Williams, Criminal Law – the General Part 2 (1961)).  *See, e.g., Cammermeyer v. Aspin,* 850 F.Supp. 910, 925 (W. D. Wash. 1994) (describing the "presumption that service members with a homosexual orientation will engage in proscribed  homosexual conduct" as

6

Without question, an individuals thoughts and fantasies "are his own and beyond the reach of the government."[8]  The Court has serious questions regarding the constitutionality of plaintiff's resort to Fed. R. Civ. P. 36 as a means to extract a party's admission regarding his own private thoughts, fantasies and/or "desires."  Indeed, the plaintiff has availed himself of Fed. R. Civ. P. 36 and intends to use the solicitation/admission to demonstrate predisposition to commit prohibited work-place same-sex discrimination.  However, not one of the cases cited by plaintiff in support of the relief requested involve either Rule 36 Requests for Admissions or evidence exacted utilizing the aforesaid federal rule.

Turning to request for admission number 3, which seeks an admission regarding sexual advances made to any other male person in any context during the entirety of defendant's 40 year tenure with the St. Tammany Parish School Board, the request is *exceedingly* broad.  Under the governing Fifth Circuit jurisprudence (*La Day, supra*), it was evidence of sexual advances *to other male employees* together with evidence of sexual advances to plaintiff that the Court considered probative of the issue presented (*i.e.*, same-sex discrimination proscribed by Title VII).  Considering the foregoing, this Court finds that the Plaintiff's Request for Admission No. 3 is overly broad and thus plaintiff's motion to compel as to Request for Production No. 3 as it is presently framed is DENIED.  Accordingly,

---

"unfounded").

[8]*See Jacobson v. United States*, 112 S.Ct. 1535, 1542 (1992) (*citing Paris Adult Theater I v. Slaton*, 413 U.S. 49, 67 (1973)).

**IT IS ORDERED** that Plaintiff's Motion to Compel is DENIED, fully reserving the plaintiff's right to tailor a request which conforms with the admonition that the critical issue is work-place same-sex discrimination – *i.e.*, whether members of one sex were exposed to *disadvantageous terms or conditions of <u>employment</u>* to which members of the other sex were not exposed. As discussed above, any response to such question shall be made the subject of a protective order.

New Orleans, Louisiana this <u>7th</u> day of April, 2006.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**